# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE GILLETTE COMPANY LLC<br>One Gillette Park<br>Boston, MA 02127,<br><br>      Plaintiff,<br><br>  v.<br><br>SHNOOP.COM CORP.<br>1408 60th Street<br>Brooklyn, NY 11219<br><br>and<br><br>MENACHEM GROSSMAN<br>1408 60th Street<br>Brooklyn, NY 11219,<br><br>      Defendants. | **CIVIL ACTION NO. 17-CV-2236** |

## COMPLAINT AND JURY DEMAND

## PRELIMINARY STATEMENT

  This is an action by plaintiff The Gillette Company LLC (hereinafter "Gillette"), by and through counsel, for claims against defendant SHNOOP.COM Corp. (hereinafter "SHNOOP") and defendant Menachem Grossman (hereinafter "Mr. Grossman") (collectively, the "Defendants") seeking injunctive relief and damages from Defendants for their willful infringement of Gillette's trademark and design patent rights, for conversion, and for unjust enrichment.

## PARTIES

  1.  The Gillette Company LLC is a limited liability company licensed in the state of Delaware, with its principal place of business located at One Gillette Park, Boston,

Massachusetts 02127 and is a wholly-owned subsidiary of The Procter & Gamble Company (hereinafter "P&G"), a corporation licensed in the state of Ohio. Gillette's Corporate Disclosure Statement is filed concurrently with this Complaint, as required by Fed. R. Civ. P. 7.1.

2. SHNOOP.COM Corp. is a corporation licensed in the state of New York, with its principal place of business located at 1408 60th Street, Brooklyn, New York 11219.

3. Upon information and belief, SHNOOP.COM was initially incorporated in the state of New York on or around October 26, 2007.

4. Upon information and belief, Menachem Grossman is a resident of the state of New York, with a last known address at 1408 60th Street, Brooklyn, New York 11219.

5. Upon information and belief, Menachem Grossman is the Chief Executive Officer and Principal Executive Officer of SHNOOP.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over the trademark and patent claims in this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a), as the claims arise under the patent and trademark laws of the United States including, but not limited to, Patent Act, 35 U.S.C. § 271 and Lanham Act, 15 U.S.C. § 1114 and 15 U.S.C. § 1125.

7. This Court has supplemental jurisdiction over the state law claims for conversion and unjust enrichment pursuant to 28 U.S.C. § 1367(a), as these claims are so related to the federal claims within the Court's original jurisdiction that such state law claims form part of the same case or controversy, under Article III of the United States Constitution.

8. This Court further has original jurisdiction over all of the claims asserted in this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship of the parties and the amount in question exceeds $75,000.00.

9. This Court has personal jurisdiction over Defendants under Fed. R. Civ. P. 4 and under NY C.P.L.R. §§301-302 because Defendants are domiciled or reside in the state of New York, and because, upon information and belief, Defendants transact business in the state of New York, have committed the acts alleged in this Complaint in New York and/or have regularly solicited business or derived substantial revenue from the stolen and/or infringing goods promoted, advertised, sold, used, and/or consumed in the state of New York and specifically have sold such razor blades/cartridges and dispensers/containers for razor cartridges that are stolen and/or infringe Gillette's intellectual property in the state of New York and have thus purposefully availed themselves of the privilege of doing business in the state of New York.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

**A.  Overview of Plaintiff Gillette**

11. Gillette is in the business of, among other things, developing, designing, advertising, and marketing personal care/grooming products for men and women. These personal care/grooming products include a variety of shaving products for men. Gillette, as part of the Procter & Gamble family, is the global market leader in razors, shaving, and razor blade and shaving products.

12. For men, among other things, Gillette offers proprietary razors, razor blade cartridges, shaving blade units, razor blade dispensers, and refill razor blades under the Fusion® brand (including Fusion® and Fusion® ProGlide™ brands).

13. Gillette has expended a great deal of time and money seeking federal protection of its intellectual property including, but not limited to, its trademarks and its unique, nonfunctional, and distinctive product designs.

14. Gillette is the owner of several federal registrations relating to its distinctive and famous family of Gillette® trademarks for a variety of goods.

15. Gillette is the owner, by assignment, of the entire right, title, and interest in and to U.S. Registration No. 0,767,865 for GILLETTE, registered April 7, 1964, for "safety razors and safety razor blades" in International Class 8, US Class 23 (hereinafter the "GILLETTE MARK"). A true copy of the registration is attached hereto as *Exhibit A*. This registration is valid, subsisting, and incontestable.

16. Gillette is the owner, by assignment, of the entire right, title, and interest in and to U.S. Registration No. 3,099,224 for FUSION, registered May 30, 2006, for "razors and razor blades; dispensers; cassettes; holders and cartridges; all containing blades; and structural parts thereof" in Class 8 (hereinafter the "FUSION MARK"). A true copy of the registration is attached hereto as *Exhibit B*. This registration is valid, subsisting, and incontestable.

17. Gillette has engaged in open, notorious, and extensive widespread promotion and advertising of its GILLETTE MARK and FUSION MARK for a variety of goods including razors, razor blades, razor cartridges, and razor dispensers.

18. Gillette has expended substantial amounts of time, money, and effort in advertising and promoting its GILLETTE MARK and FUSION MARK over many years, and in establishing and preserving the goodwill associated therewith, and the goodwill associated with each of the GILLETTE MARK and FUSION MARK is a valuable asset to Gillette.

19. Gillette is the owner, by assignment, of the entire right, title, and interest in and to U.S. Design Patent D531,518 S ("'518 Patent"), issued on November 7, 2006, claiming "the ornamental design for a dispenser for razor cartridges." A true copy of the '518 Patent is attached hereto as *Exhibit C*.

20. Gillette is the owner, by virtue of assignment, of the entire right, title, and interest in and to U.S. Design Patent D604,904 S ("'904 Patent"), issued on November 24, 2009, claiming "the ornamental design for a razor cartridge." A true copy of the '904 Patent is attached hereto as *Exhibit D*.

21. The Fusion® line of dispensers for razor cartridges are sold housed in a dispenser that features a unique, distinctive, non-functional design that embodies the design of the '518 Patent.

22. The Fusion® line of razor cartridges feature a unique, distinctive, non-functional design that embodies the design of the '904 Patent.

23. Gillette has established tremendous goodwill and proprietary design rights in the design of the Fusion® line of razor cartridges and dispensers for razor cartridges.

24. Gillette has established exclusive manufacturing and distribution networks for important and legitimate business reasons: protecting the validity of its intellectual property, including its trademarks and design patent rights, maintaining assurance of quality control, and avoiding product liability claims.

25. Gillette marks its razor blades/cartridges with lot numbers that can be used to identify the manufacturing site and date at which the product was manufactured.

26. Gillette ships its razor blades, housed in dispensers, but not yet packaged or labeled for retail sale, from warehouses to another facility for packaging and labeling.

27. The unpackaged products are shipped on pallets in green plastic trays.

28. Each green plastic tray contains 90 dispensers, each with four razor cartridges; each pallet contains 88 trays, for a total of 7,920 dispensers per pallet.

29. These green plastic trays are only used to ship unpackaged product for shipment

to Gillette packaging facilities and not to retailers; the trays never contain product labeled and are not packaged for retail sale.

30. On or around November 30, 2016, seven such pallets of Gillette Fusion ProGlide razor blades were sealed and loaded onto a trailer originating at Gillette's Boston, Massachusetts manufacturing plant, for shipment to Gillette's Milenio plant in Irapuato, Guanajuato, Mexico.

31. The shipment was intended to cross the border into Mexico at Laredo, Texas.

32. These pallets contained Gillette Fusion ProGlide razor blades with date codes indicating a November 20, 2016 production date.

33. On or around Friday, December 2, 2016, the trailer loaded with the pallets containing Gillette Fusion ProGlide razor blades with date codes indicating a November 20, 2017 production date was picked up in Boston by the contracted shipping company.

34. On or around December 5, 2016, the trailer arrived in Laredo, Texas and was opened for inspection there.

35. Upon inspection in Laredo, Texas, three pallets of Gillette Fusion ProGlide Razor blades, in green plastic trays, were missing from the trailer and presumed stolen.

**B.     Overview of Defendant SHNOOP.COM Corp.'s Sale of Gillette Fusion ProGlide Razor Blades on Websites Shnoop.com and Pennywise.biz.**

36. Upon information and belief, SHNOOP owns and operates the websites shnoop.com, schnoop.com (which redirects to shnoop.com), and pennywise.biz.

37. Upon information and belief, SHNOOP offered for sale, and sold, Gillette Fusion ProGlide razor blades through its shnoop.com website. Attached as *Exhibit E* is a screen shot of a listing of Gillette Fusion ProGlide razor blades offered for sale on shnoop.com.

38. Upon information and belief, SHNOOP offered the Gillette Fusion ProGlide razor blades for sale on its shnoop.com website at a substantial discount from the typical retail price

6

for the same product.

39. The shnoop.com website listing for the Gillette Fusion ProGlide razor blades includes photos of the product, without packaging or labeling for retail sale, stacked in green plastic trays.

40. In January of 2017, Gillette arranged for a test purchase of the Gillette Fusion ProGlide razor blades from shnoop.com.

41. The test purchase arrived without packaging or labeling for retail sale.

42. The return address on the package of the test purchase was listed as 1408 60th Street, Brooklyn, New York 11219.

43. Upon inspection of the purchased product, Gillette determined that the date codes on the razor blades indicated a November 20, 2016 production date.

44. Upon information and belief, SHNOOP offered for sale, and sold, Gillette Fusion ProGlide razor blades through its pennywise.biz website. Attached as *Exhibit F* is a screen shot of a listing of Gillette Fusion ProGlide razor blades offered for sale on pennywise.biz.

45. Upon information and belief, SHNOOP offered the Gillette Fusion ProGlide razor blades for sale on its pennywise.biz website at a substantial discount from the typical retail price for the same product.

46. The pennywise.biz website listing for the Gillette Fusion ProGlide razor blades includes photos of the product, without packaging or labeling for retail sale, stacked in green plastic trays.

47. In January of 2017, Gillette arranged for a test purchase of the Gillette Fusion ProGlide razor blades from pennywise.biz.

48. The test purchase arrived without packaging or labeling for retail sale.

7

49. The return address on the package of the test purchase was listed as 1408 60th Street, Brooklyn, New York 11219.

50. Upon inspection of the purchased product, Gillette determined that the date codes on the razor blades indicated a November 20, 2016 production date.

51. Upon information and belief, the Gillette Fusion ProGlide razor blades sold by SHNOOP through the shnoop.com website and pennywise.biz website are the razor blades that went missing from Gillette's shipment and were presumed stolen.

C. **Overview of Defendant SHNOOP.COM Corp. and/or Defendant Menachem Grossman's Sale of Gillette Fusion ProGlide Razor Blades on ebay.com.**

52. Upon information and belief, an entity using the username "shnoopcom", and featuring a photo using the same logo as SHNOOP uses on its shnoop.com website, offers for sale and sells a variety of products on the website ebay.com.

53. Upon information and belief, this entity has been using the username "shnoopcom" to make such sales and offers for sale on ebay.com since September 8, 2006. Attached as *Exhibit G* is a screen shot from ebay.com indicating such.

54. Upon information and belief, SHNOOP.COM Corporation was not registered as a corporate entity until over eleven months later, on or around October 26, 2007.

55. Upon information and belief, Defendant Menachem Grossman created the username "schnoopcom" in his individual capacity for use on ebay.com prior to the incorporation of SHNOOP.COM Corp.

56. Upon information and belief, Mr. Grossman and/or SHNOOP offered for sale, and sold, Gillette Fusion ProGlide razor blades through the ebay.com website under the username "shnoopcom." Attached as *Exhibit H* is a screen shot of a listing of Gillette Fusion ProGlide razor blades offered for sale on ebay.com under the username "shnoopcom."

8

57. Upon information and belief, Mr. Grossman and/or SHNOOP offered the Gillette Fusion ProGlide razor blades for sale through the ebay.com website under the username "shnoopcom" at a substantial discount from the typical retail price for the same product.

58. The username "shnoopcom"'s ebay.com website listing for the Gillette Fusion ProGlide razor blades includes photos of the product, without packaging or labeling for retail sale, stacked in green plastic trays.

59. In January of 2017, Gillette arranged for a test purchase of the Gillette Fusion ProGlide razor blades from ebay.com.

60. The test purchase arrived without packaging or labeling for retail sale.

61. The return address on the package of the test purchase was listed as 1408 60th Street, Brooklyn, New York 11219.

62. Upon inspection of the purchased product, Gillette determined that the date codes on the razor blades indicated a November 20, 2016 production date.

63. Upon information and belief, the Gillette Fusion ProGlide razor blades sold by Mr. Grossman and/or SHNOOP through the "shnoopcom" username on ebay.com are the razor blades that went missing from Gillette's shipment and were presumed stolen.

D.  **GILLETTE'S COMMUNICATION WITH DEFENDANTS**

64. On January 20, 2017, Gillette, through counsel, sent a letter via Federal Express and electronic mail to Mr. Menachem Grossman at SHNOOP, at the 1408 60th Street, Brooklyn, New York 11219 address notifying him that the Gillette Fusion ProGlide razor cartridges sold and distributed by Defendants through ebay.com, shnoop.com, and pennywise.boz were stolen goods and demanding, *inter alia,* that such Defendants cease the sale of such stolen goods. A copy of the letter is attached hereto as *Exhibit I*.

9

65. Upon information and belief, Defendants knowingly obtained these stolen goods through third parties with the intent to resell such products without the consent of, and without paying value to, Gillette.

**COUNT I**
**(Trademark Infringement of Registered Trademark "GILLETTE")**

66. Gillette restates and realleges paragraphs 1-65.

67. Gillette is the owner of U.S. Registration No. 767,865, for the GILLETTE MARK, which is valid, enforceable, and uncontestable.

68. The Defendants have used the GILLETTE MARK in connection with the unauthorized sale, offering for sale, distribution or advertising of unauthorized goods in interstate commerce in such a way that is likely to cause confusion, mistake, or to deceive consumers in violation of 15 U.S.C. § 1114, including, but not limited to, the unauthorized sale of such unauthorized goods on shnoop.com, pennywise.biz, and ebay.com.

69. The unauthorized goods sold by the Defendants bearing the GILLETTE MARK are materially different from genuine and authorized Gillette goods in that these products were not contained in retail packaging and did not contain Gillette's information on warranties, manner of use and other information relevant to these goods.

70. Because Defendants sold and offered for sale unauthorized goods bearing the GILLETTE MARK that are materially different from genuine and authorized Gillette goods, Defendants' actions have impaired Gillette's ability to control the quality and goodwill associated with genuine and authorized Gillette goods bearing the GILLETTE MARK.

71. Each such use of the GILLETTE MARK by Defendants was without authorization, approval, or license by Gillette.

72. As a direct and proximate result of Defendants' actions, Gillette is entitled to

recover Defendants' illicit profits from the infringement, Gillette's actual damages, Gillette's costs and its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

73. Gillette has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116, against further infringement by Defendants.

74. Gillette has suffered damages in an amount to be proven at trial from the Defendants' illegal and unauthorized acts.

## COUNT II
### (Trademark Infringement of Registered Trademark "FUSION")

75. Gillette restates and realleges paragraphs 1-74.

76. Gillette is the owner of U.S. Registration No. 3,099,224, for the FUSION MARK, which is valid, enforceable, and uncontestable.

77. The Defendants have used the FUSION MARK in connection with the unauthorized sale, offering for sale, distribution, or advertising of unauthorized goods in interstate commerce in such a way that is likely to cause confusion, mistake, or to deceive consumers in violation of 15 U.S.C. § 1114, including, but not limited to, the unauthorized sale of such unauthorized goods on shnoop.com, pennywise.biz, and ebay.com.

78. The unauthorized goods sold by the Defendants bearing the FUSION MARK are materially different from genuine and authorized Gillette goods in that these products were not contained in retail packaging and did not contain Gillette's information on warranties, manner of use and other information relevant to these goods.

79. Because Defendants sold and offered for sale unauthorized goods bearing the FUSION MARK that are materially different from genuine and authorized Gillette goods, Defendants' actions have impaired Gillette's ability to control the quality and goodwill associated with genuine and authorized Gillette goods bearing the FUSION MARK.

80. Each such use of the FUSION MARK by the Defendants was without authorization, approval, or license by Gillette.

81. As a direct and proximate result of Defendants' actions, Gillette is entitled to recover Defendants' illicit profits from the infringement, Gillette's actual damages, Gillette's costs and its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

82. Gillette has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116, against further infringement by Defendants.

83. Gillette has suffered damages from the Defendants' illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

## COUNT III
### (Patent Infringement of '518 Patent)

84. Gillette restates and realleges paragraphs 1-83.

85. Gillette is the owner of the '518 Patent, which is valid and enforceable.

86. Gillette has not authorized any Defendants to sell or offer for sale dispensers for razor cartridges that apply the design of the '518 Patent or colorable imitation thereof.

87. Upon information and belief, all Defendants have infringed, and continue to infringe, the '518 Patent by selling, and/or offering for sale unauthorized dispensers for razor cartridges that apply the design of the '518 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a), including, but not limited to, the Defendants' unauthorized sale of such unauthorized goods on shnoop.com, pennywise.biz, and ebay.com.

88. Defendants' deliberate and willful actions in infringing the design of Gillette's '518 Patent, has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

89. Defendants have also profited, and Gillette has suffered pecuniary damage, in

amounts to be determined at trial as a result of Defendants' willful infringement of Gillette's '518 Patent pursuant to 35 U.S.C. §§ 284 and 289.

90. Gillette has suffered damages from the Defendants' illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

## COUNT IV
### (Patent Infringement of '904 Patent)

91. Gillette restates and realleges paragraphs 1-90.

92. Gillette is the owner of the '904 Patent, which is valid and enforceable.

93. Gillette has not authorized Defendants to sell or offer for sale razor blade cartridges that apply the design of the '904 Patent or colorable imitation thereof.

94. Upon information and belief, Defendants have infringed, and continue to infringe, the '904 Patent by selling and/or offering for sale unauthorized razor blade cartridges that apply the design of the '904 Patent or colorable imitation thereof, in violation of 35 U.S.C. § 271(a), including, but not limited to, the unauthorized sale of such unauthorized goods by the Defendants the on shnoop.com, pennywise.biz, and ebay.com.

95. Defendants' deliberate and willful actions in infringing the design of Gillette's '904 Patent, has caused and will continue to cause irreparable harm to Gillette unless preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

96. Defendants have also profited, and Gillette has suffered pecuniary damage, in amounts to be determined at trial, as a result of Defendants' willful infringement of Gillette's '904 Patent pursuant to 35 U.S.C. §§ 284 and 289.

97. Gillette has suffered damages from the Defendants' illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

## COUNT V
### (Conversion)

98. Gillette restates and realleges paragraphs 1-97.

99. Upon information and belief, Defendants wrongfully converted, for their own uses, at least 63,360 individual Gillette Fusion ProGlide razor cartridges (contained in 15,840 four-packs on 2 pallets) the amount and value of which is to be proven at trial.

100. Upon information and belief, Defendants have sold some of the stolen Gillette Fusion ProGlide razor cartridges and remain in possession of the balance of the remaining stolen inventory.

101. Upon information and belief, these Gillette Fusion ProGlide razor cartridges were stolen from Gillette by unknown John Doe(s) and/or Jane Doe(s).

102. Prior to such theft, these Gillette Fusion ProGlide razor cartridges were the property of Gillette, and Gillette was entitled to possession of such razor cartridges.

103. Defendants obtained possession of such Gillette Fusion ProGlide razor cartridges without the knowledge, authorization, or consent of Gillette.

104. Defendants sold such Gillette Fusion ProGlide razor cartridges through various means, including, but not limited to, sale on the websites shnoop.com, pennywise.biz, and ebay.com.

105. Defendants made such sales without Gillette's knowledge or consent.

106. Defendants knew or should have known such products were stolen, based on numerous factors, including that the products were sold in a large volume at a low cost, were not obtained directly from Gillette or an authorized source, and were sold in pallets without retail packaging.

107. Gillette has not received any benefit, monetary or otherwise, from the sale of

these stolen goods.

108. As a direct and proximate result of Defendants' wrongful conversion, Gillette has suffered damages from the Defendants' illegal and unauthorized acts the actual amount to be proven at trial, plus pre and post judgment interest and costs.

### COUNT VI
### (Unjust Enrichment)

109. Gillette restates and realleges paragraphs 1-108.

110. Defendants wrongfully received a benefit by way of their unauthorized receipt, and subsequent sale, of stolen Gillette Fusion ProGlide razor cartridges.

111. Gillette has not received any compensation for the wrongful benefit received by Defendants from Defendants' receipt and sale of such stolen goods.

112. If Defendants are not now required to pay Gillette in full for the value of such stolen goods, Defendants will be unjustly enriched from their illegal and unauthorized acts, the actual amount to be proven at trial, plus pre and post judgment interest and costs.

**WHEREFORE**, Gillette prays for judgment against Defendants as follows:

(a) In favor of Gillette and against the Defendants on all claims;

(b) Preliminarily and permanently enjoin and restrain each such Defendant against continued infringement of the GILLETTE MARK and the FUSION MARK (15 U.S.C. § 1116);

(c) Preliminarily and permanently enjoin and restrain each such Defendant against continued infringement of the '518 Patent and/or the '904 Patent (35 U.S.C. § 283);

(d) Order an accounting for Gillette's damages and/or for Defendants' profits derived from and/or related to Defendants' infringement of the GILLETTE MARK and the FUSION MARK (15 U.S.C. § 1117) and Defendants' infringement of the '518 Patent and/or the '904

Patent (35 U.S.C. §§ 284 and 289);

 (e) Order an accounting for Gillette's damages related to the value of the converted property at the time of the conversion;

 (f) Order an accounting for Gillette's damages as a measure of Defendants' profits derived from Defendants' unjust enrichment;

 (g) Order an assessment of interest and costs against Defendants (35 U.S.C. § 283; 15 U.S.C. § 1117);

 (h) Find this to be an exceptional case and to award reasonable attorneys' fees to Gillette (35 U.S.C. §285; 15 U.S.C. § 1117);

 (i) Find that Defendants' infringement was intentional and thus treble damages and attorneys' fees are appropriate (15 U.S.C. § 1117(b)); and

 (j) Award Gillette such other relief as the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Gillette demands a trial by jury for all claims so triable.

Dated: April 13, 2017

Respectfully submitted,

**THE GILLETTE COMPANY,**

By its attorneys,

_____
Govinda M. Davis, EDNY Bar Code GD0398
govinda.davis@dinsmore.com
*Of counsel:*
Karen Kreider Gaunt, Bar #0068418
*Pro hac vice forthcoming*
  karen.gaunt@dinsmore.com
Tammy L. Imhoff, Bar #0076720
*Pro hac vice forthcoming*
  tammy.imhoff@dinsmore.com
DINSMORE & SHOHL LLP
255 East Fifth Street
Cincinnati, OH 45202
Tel.: (513) 977-8503
Fax: (513) 977-8141

*Counsel for Plaintiff The Gillette Company LLC*